UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT BATES,

    Plaintiff,

vs.

CASE MANAGER O'CONNOR, *et al.*,

    Defendants.

Case No. 1:23-cv-17

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil rights action is now before the Court on Plaintiff's *pro se* motions for summary judgment. (Docs. 19, 21) and the parties responsive memoranda. (Docs. 23, 24).

**I.    Background and Facts**

On January 10, 2023, Plaintiff filed this civil action under 42 U.S.C. § 1983 alleging that around September 12, 2021, two prison officials, Defendants O'Connor and Hood, violated his Eighth Amendment rights when they were deliberately indifferent to his safety from an attack by another inmate. (Doc. 1). Notably, the complaint alleges that Plaintiff was assaulted in the chow hall by inmate Richey and Defendant Hood watched and did not intervene as Plaintiff was punched and kicked in the face and was left bleeding on the floor. Id. Thereafter, Plaintiff filed a motion for summary judgment asserting that he has provided sufficient evidence that Defendants O'Connor and Hood were deliberately indifferent to his risk of harm by other inmates.[1]

---

[1] Plaintiff filed a second motion for summary judgment on September 18, 2023. (See Doc. 21). However, it appears that Plaintiff intended to file this pleading in another federal civil action pending before this Court. (See Case No. 1:22-CV-337). Accordingly, this motion (Doc. 21) should be DENIED as MOOT.

For the reasons outlined below, Plaintiff's motion is not well-taken.

## II. Analysis

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). "A fact is 'material' and precludes a grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)(quoting Black's Law Dictionary 881 (6th ed. 1979)). The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978).

A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986). Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989)(citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record, as it has been established, which

2

create a genuine issue of material fact. *Fulson v. Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). "The mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the nonmovant." *Anderson*, 477 U.S. at 252. The Sixth Circuit has instructed lower courts "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *EEOC v. Ford Motor Corp.*, 782 F.3d 753, 770 (6th Cir. 2015)(en banc). In other words, "[w]hen opposing parties tell two different stories, one which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt the version of the facts for purposes of ruling on a motion for summary judgment*." Scott v. Harris*, 550 U.S. 372, 380 (2007). The moving party has the burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). Once the moving party has met its burden of production, the nonmoving party cannot rest on the pleadings, but must present significant probative evidence in support of his case to defeat the motion for summary judgment. *Anderson*, 477 U.S. at 248-49.

Furthermore, a party asserting that a fact cannot be genuinely disputed must support the assertion by: (1) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (2) showing that the materials cited do not establish the presence of a genuine dispute. Fed. R. Civ. P. 56(c).

Thus, the moving party must "designate specific facts in affidavits, depositions, interrogatories, or other factual material" from which a reasonable jury could find in his

3

favor. *Maston v. Montgomery Cty. Jail Med. Staff Pers*., 832 F.Supp.2d 846, 849 (S.D. Ohio 2011). He "cannot rest on the mere allegations of the pleadings." Id. at 851-52 (holding that a pro se party cannot rely on allegations or denials in unsworn filings when opposing a motion for summary judgment).

　　*B. Plaintiff's Motion for Summary Judgment is not Well-Taken*

To establish an Eighth Amendment failure-to-protect claim, an inmate must show that prison officials acted with 'deliberate indifference' to 'a substantial risk of serious harm.' A viable claim has both an objective and a subjective prong, requiring the plaintiff to demonstrate that '(1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety.'" *Zakora v. Chrisman*, 44 F.4th 452, 468 (6th Cir. 2022) (citing *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011)). Th[e] [objective component] analysis must consider the likelihood of harm to the injured party in the context of the circumstances that led to the injury. *Id. (citing Reedy v. West*, 988 F.3d 907, 909, 912-14 (6th Cir. 2021)). "The subjective component "requires the inmate to show 'that the individual defendants (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) actually drew the inference; and (3) consciously disregarded the risk.'" *Price v. Ohio Dep't of Rehab*., 649 F.Supp. 3d 598, 605 (S.D. Ohio Jan. 3, 2023) (quoting *Westmoreland v. Butler Cty.*, 29 F.4th 721, 726 (6th Cir. 2022)).

Not "every injury suffered by one prisoner at the hands of another … translates into constitutional liability for prison officials." *Varmado-El v. Martin,* 52 Fed. Appx. 764, 765 (6th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A general vulnerability to attack is normally insufficient for an Eighth Amendment claim; rather, an

officer must know about an inmate's 'specific situation.'" *Schoonover v. Rogers*, 2022 WL 12258998 (6th Cir. 2022).

Here, in support of his motion for summary judgment, Plaintiff attaches an affidavit outlining the claims contained in his complaint. (Doc. 19, Ex. A). Plaintiff also includes two responses to requests for admission under Fed. R. Civ. P. 36, wherein Defendants deny several material issues involved in this litigation. Id at Ex. B. Plaintiff argues those denials are somehow admissions.

In response to Plaintiff's motion, Defendants submitted an incident report by Officer Hood and Prison Grievance Responses regarding these claims. (Doc. 23, Exs. A, B). Notably, the prison records indicate that Officer Hood was observing inmates assigned to the dining facility when an inmate named "Richey" unexpectedly began punching the Plaintiff. (Doc. 23. Ex. A, p. 3 of 3). The report indicates that Officer Hood immediately sent a radio transmission for back-up and then gave loud verbal directives to cease, which were briefly ignored but then followed. Id. The Institutional Inspector, Mr. Kevin Parker, reviewed the security footage and made the same finding and noted Officer Hood immediately radioed for assistance, took verbal de-escalation measures, and the entire incident ended in less than twenty (20) seconds. (Doc. 23, Ex. B, p. 4 of 6). He added that Officer Hood followed ODRC policy. Id. In Officer Hood's admission responses, he reported that the use of Oleoresin Capsicum spray or similar physical interventions were unnecessary because Inmate Richey complied with his orders. (Doc. 23, Ex. D, p. 4 of 5).

Additionally, Defendant O'Connor's admission response denies that Plaintiff requested placement in protective control and denies the Plaintiff forewarned him of

5

safety concerns in his new job assignment. (Doc. 23, Ex. C, pp. 3-4 of 5). ODRC prisons, including SOCF, have a safety procedure where inmates can be temporarily or permanently placed on "separations" if one or both parties pose a danger to the other, which would result in the parties being separated in both housing and job assignments. (See Doc. 23, Ex. F, ODRC Policy 53-CLS-05, ¶ V). The prison grievance record shows that the Plaintiff had "no separations with any other inmate" at the time of the incident. (Doc. 23, Ex. B, p. 3 of 6).

Thereafter, Plaintiff filed his reply in support of his motion for summary judgment. Attached to his reply, is a sworn declaration by inmate Jeffrey Brown, wherein he attests that he overheard Plaintiff inform Warden Redwood and Institutional Inspector Kevin Parker, and Sgt. Tarry that Plaintiff had been labeled a "snitch" by corrections officers, that he had previously been threatened by inmate Richey and that he feared being placed in a work assignment with inmate Richey and requested to be put in protective control, yet O'Connor still assigned him to work in the dining hall with Richey.

Upon careful review, the undersigned finds that Plaintiff fails to establish that there is no genuine dispute as to any material fact and that Plaintiff is entitled to judgment as a matter of law. Notably, Defendant O'Connor provided sufficient evidence that he was not aware of any safety risk to Plaintiff. Namely, Plaintiff never informed prison officials of his safety concerns. (See Doc. 23, Ex. A, B). Plaintiff did not make a safety request for protective control. There is also no evidence that Plaintiff informed Defendant O'Connor about his concerns about inmate Richey. Id. at Ex. C.[2]

---

[2] The undesigned recognizes that Plaintiff provided an affidavit from Inmate Brown, wherein Brown attests that he overheard Plaintiff inform Warden Redwood and Institutional Inspector Kevin Parker, and Sgt. Tarry that Plaintiff had been labeled a "snitch" by corrections officers and feared for his safety. However, Inmate Brown's affidavit is based upon inadmissible hearsay. See Fed. R. Evid. 801. Even assuming inmate Brown's affidavit could be properly

6

With respect to Defendant Hood, the evidence establishes that as soon as the altercation between Plaintiff and inmate Richey broke out, Defendant Hood immediately (within 20 seconds) called for backup assistance and issued verbal directives to stop the assault, which it did. (See Doc. 23, Ex. A, p. 3 of 3; Def. Ex. B, p. 4 of 6). As such, the undisputed facts do not show that prison officials acted with 'deliberate indifference' to 'a substantial risk of serious harm. Accordingly, Plaintiff has failed to establish that he is entitled to judgment a matter law.[3]

### III. Conclusion

In light of the foregoing, it is herein **RECOMMENDED** that Plaintiff's motion for Summary Judgment (Doc. 19) be **DENIED**. It is further **RECOMMENDED** that Plaintiff's additional motion for summary judgment be denied as moot. (See supra p. 1, note 1).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

considered by the Court, his affidavit fails to establish that there is no genuine dispute as to any material fact, as defendants have provided evidence that they were unaware of any safety concerns raised by Plaintiff.

[3] Defendants further assert that they are entitled to qualified immunity, which protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan,* 129 S.Ct. 808, 815, 555 U.S. 223, 231 (U.S. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982)). "To overcome a defendant's assertion of qualified immunity, a plaintiff must show both (1) that the defendant violated a constitutional right, and (2) that the right was clearly established at the time of the violation." *Downard for Estate of Downard v. Martin*, 968 F.3d 594, 599-600 (6th Cir. 2020) (citing Pearson, 555 U.S. at 231-32). Here, though Plaintiff has failed to show either, this is not the proper filing to address that defense.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ROBERT BATES, | Case No. 1:23-cv-17 |
| Plaintiff, | |
| vs. | Hopkins, J. |
| | Bowman, M.J. |
| CASE MANAGER O'CONNOR, *et al.*, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).